UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARIO RAMIREZ,

                            Plaintiff,                        **REPORT AND**
   -against-                                                   **<u>RECOMMENDATION</u>**
                                                                                22-CV-0813 (JMA) (JMW)

BLUE GRASS LANDSCAPING AND
GARDENING, INC., and, MICHAEL MONES,

                            Defendants.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

Keith E. Williams
Victoria Spagnolo
Justin M. Reilly
**The NHG Law Group, P.C.**
4242 Merrick Road
Massapequa, NY 11758
*For Plaintiff*

James P. Clark
**Law Offices of James P. Clark, P.C.**
256 Main Street, Suite 202
Northport, NY 11768
*For Defendants*

**WICKS,** Magistrate Judge:

      Before the Court at this time is the task of attempting to cut the Gordian Knot to determine (i) whether the parties' attempted resolution of the case is subject to judicial review under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and (ii) whether one counsel unbeknownst to the other was involved in the attempted resolution.[1] The matter is

---

[1] At the evidentiary hearing held on August 22, 2022, counsel for Plaintiff withdrew the application as it pertains to the claim of Defendants' counsel's alleged involvement in procuring the dismissal (Tr. 26:5-13; 59: 12-25.).

1

on referral from the Hon. Joan M. Azrack for a Report and Recommendation. (Electronic Order dated June 30, 2022.)

On August 22, 2022, the Court held an evidentiary hearing[2] (DE 20), at which Plaintiff Mario Ramirez[3] and Defendant Michael Mones testified. Post-hearing submissions were directed and filed on September 16, 2022 and September 17, 2022 (DE 22; DE 23). Having considered the evidence adduced, submissions filed, and presentations of counsel, for the reasons that follow, the undersigned respectfully recommends that the parties' proposed Stipulation of Dismissal Without Prejudice (DE 23-1) be so-ordered, and that any further *Cheeks* hearing and/or review is not required under the circumstances.

### I.   BACKGROUND

Plaintiff commenced this FLSA matter against Blue Grass Landscaping & Gardening, Inc. and Michael Mones, the business owner, on February 14, 2022. (DE 1.) According to the Complaint, Plaintiff worked as a landscaper for Defendants from 1994 until October 4, 2021. (*Id.*) Plaintiff was not required to sign in or sign out during shifts or keep track of his hours, and Defendant did not keep time records. (*Id.*) During the last 6 years of his employment, Plaintiff worked from April through the middle of December each year, 6 days a week (Monday-Saturday), 7:30 AM – 6:00 PM, without breaks longer than 15 minutes. (*Id.*) For this period, Plaintiff alleges he worked 63 hours per week. (*Id.*) During the last 6 years of his employment, from September to mid-December, Plaintiff worked from 7:00 AM to 4:30 PM, without breaks in excess of 15 minutes. (*Id.*) For this period, Plaintiff alleges he worked 57 hours per week. (*Id.*) Plaintiff was paid by day during these 6 years. (*Id.*) Plaintiff alleges that Mones ran the

---

[2] The Court originally scheduled the hearing for August 16, 2022, but Plaintiff, Mr. Mario Ramirez, failed to appear, and the hearing was adjourned to August 22, 2022. (DE 18.)

[3] Plaintiff testified through the aid of a Spanish interpreter, Ms. Rebecca Sloan.

2

day-to-day operations and terminated Plaintiff.  (*Id.*)  Plaintiff claims that Defendants failed to compensate him for overtime in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, and Articles 6 and 19 of the New York Labor Law, and the New York Codes, Rules, and Regulations, Part 142, and that Defendants failed to provide him wage statements in violation of N.Y. Lab. Law § 195(3).  His Complaint does not assert a specific dollar amount that he claims he is owed.

An Initial Conference was held on May 25, 2022 (DE 9), at which time the subject issue was alluded to by Defense counsel.  Since then, the parties filed letters teeing up the issue (*see* DE 11; DE 14), as discussed below.

## II.     THE PARTIES' LETTERS

Defendants filed a letter motion (DE 11) on June 22, 2022, requesting a conference to discuss the status of the representational relationship between Plaintiff's counsel and Plaintiff.  Apparently, Plaintiff contacted his ex-employer/Defendants and told them he was no longer being represented by Neil H. Greenberg & Associates, and that he did not want to pursue the action.  (*Id.*)  Specifically, in a letter dated April 30, 2022, Defense Counsel wrote Plaintiff's Counsel regarding this issue, and included a Notice of Withdrawal of Consent that Plaintiff signed and provided to Defendants.  (DE 15.)  At the hearing, this was marked Court Exhibit 1.  In another letter from Defense Counsel to Plaintiff's Counsel, dated June 17, 2022, Defense Counsel enclosed screenshots of a text message and a translation, which Plaintiff supposedly gave to Defendant Mones.  (DE 15.)  The text is between Plaintiff and a staff member at Plaintiff's firm named Catalina, advising that he did not want to pursue the case.  (*Id.*)  At the hearing, this was marked Court Exhibit 2.

Plaintiff's counsel's submission (DE 14) to the Court indicated his suspicion was aroused as to the timing of Defense Counsel's letters since landscaping season had just begun when

3

Plaintiff allegedly wanted to discontinue the case. In his letter submission, Plaintiff's counsel stated that their client never advised that he wanted to discontinue the case. (*Id.*) Plaintiff's counsel asserted that Plaintiff is owed more than $81,000, and that Defendants are attempting to settle the case by offering non-monetary consideration – re-hiring Plaintiff – in exchange for dismissal of the case without judicial oversight or approval, in violation of *Cheeks*. (*Id.*) Plaintiff's counsel joined in the request for a hearing to determine "the full extent of this situation," and also requested sanctions against Defense counsel to the extent he is "complicit in his clients' actions." (*Id.*)

### III.   THE HEARING

During the hearing, Plaintiff's Counsel advised the Court that he had an "in-depth discussion [with Plaintiff] surrounding the reasons why he wanted to discontinue this case." (Tr. 23:12-13.)[4] Counsel further represented to the Court that his client, Mr. Ramirez, sincerely desired to discontinue the case and that no monetary consideration had been exchanged. (Tr. 23:19-21.) Although Plaintiff had been given his job back, it was not in exchange for discontinuing the action, and Plaintiff was seeking to discontinue the action without prejudice, which Defense counsel consented to. (Tr. 23:22-24:7; 24:8-14.) Nonetheless, the Court noted its obligation to proceed with the hearing to assess whether a *Cheeks* hearing/review was warranted under such circumstances. (Tr. 24:16-25:1.)

Mr. Ramirez testified that he began working for Blue Grass about 30 years ago until he had an accident on October 4, 2021. (Tr. 28:7-29:2.) He returned to work approximately 3 months prior to the hearing.[5] (Tr. 29:6-10.) Mr. Ramirez testified that he wanted to discontinue

---

[4] The Transcript is filed at DE 23-6.

[5] Montes testified that Plaintiff stopped working in November of 2021 and returned to work around March of 2022. (Tr. 45:18-46:3.)

4

the lawsuit and that he did not have any conversations with his boss about discontinuing the lawsuit. (Tr. 29:11-19; 30:20-22; 32:3-8; 34:6-15;41:15-20.) He also stated that no one promised him anything in return for dismissing the lawsuit, nor did anyone put pressure on him to discontinue the lawsuit.[6] (Tr 32:9-20.) Mr. Ramirez further testified that he understood he could re-file his claims at a later date if he changed his mind about dismissing the action. (Tr. 41:3-14.)

Defendant Mones testified that the reason Plaintiff returned to work was that he had recovered from his accident. (Tr. 46:4-6.) Mones stated that he did not provide Mr. Ramirez with any monetary incentive to return to work, or any guarantee of employment moving forward after the case is potentially dismissed. (Tr. 50:21-22; 54:3-6.) Although Plaintiff's pay per hour was increased approximately $2-$3 per hour when he returned to work at Blue Grass, Mones explained that several employees received pay raises as inflationary increases at this time and that the raise was not consideration for Mr. Ramirez discontinuing the lawsuit. (Tr. 50:9-15.)

After the testimony, the Court directed the parties to submit supplemental briefing on the issue of whether a *Cheeks* hearing/review was required, despite the parties agreeing that Plaintiff may discontinue the action without prejudice. (Tr. 56-59.) Upon review of the submitted letter briefs (DE 22; DE 23), the parties are in agreeance that the Court has sufficiently completed a limited review, as required, to confirm that Plaintiff's application to dismiss the action without prejudice was not the product of a settlement of Plaintiff's FLSA claims, and that the stipulation should therefore be so-ordered. (DE 22; DE 23.)

---

[6] Mr. Ramirez also testified that he requested Mones to draft the Consent to Withdraw and that he signed it at breakfast with Mones and a notary present. (Tr.38:24-39:18; 41:21-42:9.) Mones and Defense Counsel confirmed that Mones prepared the Consent to Withdraw and sent it to Mr. Clark, who had a Spanish translation prepared. (Tr. 47:12-49:9; 52:23-53:23; 55:2-5.)

## IV.     DISCUSSION

Federal Rule of Civil Procedure 41 provides, in relevant part, that:

Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i)     a notice of dismissal before the opposing party serves either an answer of a motion for summary judgment; or

(ii)    a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

In *Cheeks*, the court held that the FLSA is an "applicable federal statute" under Rule 41 because of "the unique policy considerations underlying" the act. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Such considerations include the laudable aim of "'extend[ing] the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" *Id*. (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). Accordingly, in this Circuit, Rule 41's "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Id*. "[W]ithout judicial oversight . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the [FLSA.]" *Dawidowicz v. Black Square Builders Corp.*, No. 15CV7380FBCLP, 2016 WL 7665417, at *2 (E.D.N.Y. Nov. 8, 2016), *report and recommendation adopted sub nom. Dawidowicz v. Valouch*, No. 15CV7380FBCLP, 2017 WL 74712 (E.D.N.Y. Jan. 6, 2017) (citing *Cheeks*, 796 F.3d at 205-06).

In *Dawidowicz*, Plaintiff's counsel had similar concerns that Plaintiff may have been threatened by Defendants to persuade him to withdraw his claims, or that Plaintiff may have

6

reached a monetary settlement with Defendants outside of Court. 2016 WL 7665417, at *5. Plaintiff's counsel made a motion to dismiss the claims without prejudice, and the Court scheduled a hearing whereat Plaintiff denied he had been threatened or received compensation in return for dismissing his claims. *Id.* Defense counsel represented that they did not threaten or coerce Plaintiff, and Plaintiff advised again that he wanted to withdraw his claims. *Id.* Reasoning that the court in *Cheeks* expressly reserved decision regarding whether a fairness hearing is required for a discontinuance without prejudice, and that the Court was not provided with direct proof that Defendants threatened Plaintiff, and because Plaintiff expressed that he wanted to terminate representation, the Court recommended that Plaintiff's motion to voluntarily dismiss without prejudice be granted. *Id.*

Other cases have found the opposite though, and held that although not explicitly required, a *Cheeks* review is appropriate even where the parties agree to discontinue without prejudice. *See Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 552 (E.D.N.Y. 2018) ("[U]ntil the Second Circuit resolves the issue, 'the district court must be guided, first and foremost, by the policy considerations underlying *Cheeks*.'") (quoting *Carson v. Team Brown Consult., Inc.*, 416 F. Supp. 3d 137, 139 (E.D.N.Y. 2017)). Specifically, the Court in *Gallardo* noted three reasons why reviewing dismissals without prejudice best serve the policy considerations underlying *Cheeks*: (1) dismissals that appear on their face to be without prejudice, may not prove to be; (2) a dismissal without prejudice is potentially preclusive when coupled with the statute of limitations; and, (3) dismissals without prejudice may be a way of attempting settling without the court's review. *Id.* at 552 (citations omitted).

In *Sarker v. Hollis-PJ Inc.*, 18 CV 2406 (CBA) (CLP), 2019 WL 1435880, at *1 (E.D.N.Y. Feb. 20, 2019), Plaintiff's counsel requested the Court to have a conference with the

7

parties because he received a notification from his client that he had reached some sort of resolution and returned to work for Defendants, but Plaintiff's counsel had not been involved in the parties' discussion. Plaintiff sought to dismiss the case without prejudice and Judge Pollak issued a *sua sponte* report and recommendation that Plaintiff's motion be denied and directed the parties to prepare a motion for settlement approval, because the Court had no details about the parties' resolution. *Id.* at *1-2. Judge Pollak found that because the Court "has no details about the resolution reached by the parties, it is impossible to determine whether [the dismissal] is truly without prejudice or whether the terms of any agreement are fair and reasonable . . . [especially] because even though Plaintiff obtained an attorney, the attorney was not involved in reaching the resolution." *Id.* at *2. Judge Pollak recommended that the district court direct the parties to file a motion for settlement approval pursuant to *Cheeks*. *Id.* at *3. The Defendant proceeded to file objections to the report and recommendation, stating that Plaintiff was his relative, that he fired and re-hired Plaintiff, never discussed a monetary settlement, never attempted to coerce him, and that the $500 bonus he gave was to help Plaintiff get back on his feet when he was fired. *Sarker v. Hollis-PJ Inc.*, 18-CV-2406(CBA)(CLP), 2019 WL 1433079, at *1 (E.D.N.Y. Mar. 29, 2019). Defendant also provided a signed and notarized statement from Plaintiff to Plaintiff's attorney, stating that he wanted to drop the case. *Id.* at *2. Judge Amon rejected the report and recommendation (expressly noting that Judge Pollack did not have the benefit of all of these specific facts before her when she issued the recommendation), and found it apparent that the parties "have not settled this action – instead, the plaintiff simply no longer wishes to pursue his case." *Id.* Judge Bagley Amon dismissed the action without prejudice pursuant to Rule 41(a)(2). *Id.*

Recently, the Second Circuit directly addressed the conundrum of whether a *Cheeks* review is required when a plaintiff seeks to dismiss an action without prejudice. In *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022), the Court found that "the logic of *Cheeks* as applied to Rule 41(a)(1)(A)(ii) dismissals with prejudice applies equally to Rule 41(a)(1)(A)(i) dismissals without prejudice." The Court reasoned that the "same pernicious effects" (concern for highly restrictive confidentiality provisions, overbroad releases, disproportionate fee awards, and plaintiffs desperate for any money at all) could result whether the case is dismissed with prejudice or without prejudice and a broad release. *Id.* "Such review may be quite limited—for instance [if] all that was needed was confirmation that no settlement existed—but even such limited review will ensure the FLSA's goals continue to be served." *Id.* at 811. The Court went on to hold that because there was no FLSA settlement, the notice of dismissal pursuant to Rule 41(a)(1)(A)(i) should be so-ordered. *Id.*

Here, Plaintiff repeatedly stated under oath that it was his own decision to discontinue this action and that Defendants did not threaten him or offer him consideration in exchange for dismissing the case. (Tr. 23:19-24:7; 24: 8-14; 29: 11-19; 30:20-22: 32:3-20; 34:6-15; 41:15-20.) Defendant Mones also confirmed under oath that he did not offer Plaintiff a monetary incentive to return to work or guarantee employment to Plaintiff moving forward. (Tr. 46: 4-6; 50:21-22; 54:3-6.) He explained that the higher wages were a result of inflation and that several other employees also received the wage increase. (Tr. 50:9-15.) Plaintiff also stated on the record that he understands he has the right to refile this case if he changes his mind. (Tr. 41:3-14.) Accordingly, in light of the parties' testimony adduced at the hearing on August 22, 2022, the Court concludes that the circumstances surrounding Plaintiff's desire to dismiss this action without prejudice are not the result of coercion by his employer and do not run counter to the

9

policy concerns articulated in *Cheeks*. Under this "limited" review, the undersigned finds that there was no settlement between the parties, and thus, recommends that the stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) be so-ordered. *See Samake*, *supra*; *see also Choi v. SD Tools, Inc.*, 19 Civ. 2008 (EK) (VMS), 2021 WL 7368736 (E.D.N.Y. Mar. 29, 2021), *report and recommendation adopted by* 2021 WL 7368735 (E.D.N.Y. July 7, 2021) (recommending *sua sponte* after a *Cheeks* hearing that the District Judge grant the plaintiff's stipulated motion for dismissal where he confirmed on the record that there was no out-of-court settlement with Defendants, that Defendants did not pay him any money to withdraw his lawsuit, that he was not influenced by pressure or coercion from his employer or anyone else, and that his decision was voluntary and of his own free will, and Defense counsel stated that no threats were made and no settlement was made outside of court).

## V.   CONCLUSION

For the reasons stated above, the undersigned respectfully recommends that the Honorable Joan M. Azrack so-order the parties' Stipulation of Dismissal Without Prejudice (DE 23-1), without the need for a further *Cheeks* review, and that this matter be closed. The undersigned further recommends that Plaintiff's Counsel's application for sanctions be terminated as moot.

## VI.   OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for each of the parties. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the

expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision") (citation omitted); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
September 19, 2022

                                           **Respectfully recommended,**

                                           /S/ *James M. Wicks*
                                               JAMES M. WICKS
                                         United States Magistrate Judge